## Robbins v. Rahimzadek

222

C.P. of Allegheny County, nos. GD99-015545, GD99-017197, GD98-006733.

*Michael C. George,* for plaintiff Robbins.
*Robert L. Garber,* for plaintiff O'Connell.
*Patrick J. Loughran,* for plaintiff Henderson.
*C. Leon Sherman,* for defendant Rahimzadek.

*Steven M. Houghton,* for defendant UPMC.
*Giles J. Gaca,* for defendant Avolio.
*John W. Zotter,* for defendant Awnings by Shuster.
*Jason A. Hines,* for defendant Mujumdar.

STRASSBURGER, *J.,* August 8, 2001—In several cases I have been presented with the question of whether a party should be permitted to discover statistical information regarding another party's expert.[1] Counsel have submitted comprehensive briefs on the issue.

Clearly such discovery would not be permitted absent an order of court for "cause shown" pursuant to Pa.R.C.P. 4003.5(a)(2). Rule 4003.5(a)(1) sets forth the areas of expert discovery permitted as of right, and then the next subsection, Rule 4003.5(a)(2), authorizes a court to allow additional discovery "upon cause shown."

The issue thus becomes whether the moving parties have shown cause for an order allowing discovery of statistical information, by a showing that a fair trial is more likely to occur if the movant is privy to statistical information that might show the opposing party's expert to be biased.

---

1. Statistical information includes:

(1) the number of times an expert has served as the expert witness for the party calling the expert;

(2) the number of times the expert has been retained by the lawyer, law firm or insurance company that is using the expert;

(3) the fees the expert has earned through the services provided to the party, lawyer, law firm or insurance company calling the expert;

(4) the percentage of the expert's income earned in medical legal work or providing reports for plaintiffs or defendants, or providing reports for this party or insurance carrier; and

(5) whether the expert has been represented by the attorney or law firm using the expert as a witness.

The movants further argue that pursuant to existing case law, at least some of this information may be elicited on cross-examination at trial. *Coward v. Owens-Corning Fiberglas Corp.*, 729 A.2d 614, 626 (Pa. Super. 1999); *Tiburzio-Kelly v. Montgomery*, 452 Pa. Super. 158, 681 A.2d 757 (1996). The contention is that trials will proceed smoothly if this information were made available during the discovery process, and counsel on cross-examination will not be met with "I don't know" or "I never compiled that information" or "I don't keep my records on that basis" answers.

The problem with movants' position is that it proves too much. If movants are correct that the fairness of the trial, and the smooth flow of the trial, are enhanced by allowing the discovery of statistical information, then that would apply in every case in which an expert testifies. The drafters of Rule 4003.5, which deals with discovery of expert testimony, would have written it in such a way that statistical information would be available to the opposing party. For whatever reason, the drafters did not allow statistical discovery as of right. If I were to allow statistical discovery, I would not be deciding "cause shown" in a particular case, but rather would be re-writing the rule for every case.

Movants' position may well have merit. However, the argument must be addressed in a comprehensive manner, not on a case-by-case basis. For instance, Rule 212.2(a)(7) contemplates that a pretrial statement contain "such additional information as the court by local rule or special order may require." The possibility of such a local rule or special order is under consideration.